STATE ex rel. MISSOURI LAWYERS MEDIA, LLC, Relator,

v.

DISCIPLINARY HEARING PANEL NUMBER DHP–11–029, Bennett Keller, In his official capacity as disciplinary hearing officer, Chad Engler, In his official capacity as disciplinary hearing officer, and Frederick Switzer III, In his official capacity as disciplinary hearing officer, Respondents.

No. SC 93279.

Supreme Court of Missouri,
En Banc.

April 5, 2013.

Benjamin J. Siders, Benjamin A. Lipman, Lewis, Rice & Fingersh LC, St. Louis, for Missouri Lawyers Media.

Alan D. Pratzel, Chief Disciplinary Counsel, Jefferson City, for disciplinary hearing panel and its hearing officers.

Shevon L. Harris, St. Louis.

Melinda J. Bentley, Legal Ethics Counsel, Alan D. Pratzel, Chief Disciplinary Counsel, Jefferson City, for the chief disciplinary counsel—the informant in the underlying disciplinary case.

Alan S. Mandel, Mandel & Mandel LLP, St. Louis, Michael P. Downey, Armstrong Teasdale LLP, Clayton, for attorney in the underlying disciplinary action.

PER CURIAM.

The Court has reviewed the Petition for Writ, the Relator's suggestions and the Respondents' suggestions. Because Respondents concede the order that Relator challenges is overbroad, the Court finds that the interests of justice are best served by taking the unusual step of issuing a permanent writ without the delay and expense that would accompany the ordinary course of issuing a preliminary writ, requiring Respondents to file an answer, and having the parties brief and argue the matter. *See Rule 84.24(j)*.

This Court recently adopted Rule 5.31 governing Records of Investigations and Formal Proceedings. That rule sets out standards for determining when disciplinary hearings and records shall be confidential and when they shall be made public.

This is this Court's first opportunity to construe Rule 5.31.

In construing Rule 5.31, it is important to keep in mind that it governs the introduction of evidence at a disciplinary hearing. Some of this evidence may involve a lawyer's handling of other lawsuits. Records or transcripts from such other lawsuits may themselves, as is alleged to be true in this case, be required by law or court order to be sealed or otherwise kept confidential. The disciplinary hearing panel has no authority over whether such documents are or should remain confidential outside the context of the disciplinary hearing proceeding. Neither does the panel have authority to modify or violate an existing order of confidentiality. The panel's sole role is to determine the disciplinary matter before it as provided in this Court's rules. Under Rule 5.31, "all materials filed in connection with the information and all related proceedings are public unless a protective order is issued." *Rule 5.31(b)(1)*. The protective order may issue upon application and for good cause shown "to protect the interests of a complainant, witness, third party, or respondent." *Rule 5.31(c)*.

■ Good cause is shown for a protective order where matters have been and remain sealed or otherwise made confidential by statute, rule or court order in another action. But, "When good cause is shown and a protective order is necessary, the order should be written as narrowly as is practicably feasible." *Rule 5.31(c)(4)*. In this regard, Rule 5.31(d)(2) provides that "a protective order may prohibit the disclosure of specific information and direct that the proceedings be conducted so as to implement the order including, but not limited to, an order that the hearing be conducted in such a way as to preserve the confidentiality of the information that is the subject of the application." Where

records are made confidential under Rule 5.31, they may be examined only by specified participants in the disciplinary process unless otherwise ordered or as provided in Rule 5.31(d). *Rule 5.31(d)*.

In this case, the chair of the disciplinary hearing panel issued a blanket protective order making the entire proceedings confidential because of concern that some of the issues involved cases in which records were sealed and confidential matters involved, subject to later review to determine if portions of the transcript or record could be made public after the hearing to the extent they did not involve confidential matters. Movant Missouri Lawyers Media, LLC seeks an order from this Court directing the disciplinary hearing panel to open up the hearing. The Respondents have filed suggestions supporting opening up the hearing. The Office of Chief Disciplinary Counsel has filed suggestions in opposition in which it admits that the initial order was too broad but reaffirms the concern of the disciplinary hearing panel that matters otherwise sealed or protected should not be made public.

■ Having considered the arguments of the parties and the language of Rule 5.31, and the policies underlying that rule, this Court holds that the petition for writ of mandamus, or alternative writ of prohibition, is granted in part. The panel erred in making all aspects of the proceeding confidential subject to later review to determine whether portions should be made public. For the reasons set out above, the proceeding is public except as provided by protective order, which should be narrowly crafted to prohibit disclosure of confidential information and records without negating the otherwise essentially public nature of the proceeding.

Pursuant to Rule 5.31, the Respondents are prohibited from enforcing their prior order making all proceedings confidential.

Respondents are directed to follow the requirements of Rule 5.31, which require the remainder of this or any disciplinary hearing to be open to the public except as provided in Rule 5.31. Pursuant to the rule:

1. Any record previously sealed or otherwise protected by Missouri Courts shall remain sealed, unless revised or lifted by the issuing court.

2. Any testimony directly related to the content of records specified in paragraph 1 shall not be open to the public.

3. For records not already sealed by statute or prior court order, Respondents should evaluate carefully any claims that specific records (and related testimony) received by Respondents should be closed to the public for "good cause" under Rule 5.31. In ruling on such claims, Respondents shall apply the standards set out in Rule 5.31 in determining whether there is "good cause" to keep such records (and related testimony) confidential.

4. As required by the rule, testimony and records shall be open to the public unless pursuant to the rule and for the reasons as set out above, the panel finds that all or part of said testimony or records should be subject to a protective order. These standards shall be applied to future days of hearing in this matter and should promptly be applied in reviewing the portions of the hearing already undertaken to determine what should be made public under this rule.

This writ is permanent.

All concur.